No. 21,213.

G. W. Goss, *Appellee*, and W. H. Aaron, *Appellee and Appellant*, v. W. M. Rothrock and C. B. Dickens, *Appellants and Appellees.*

SYLLABUS BY THE COURT.

1. OIL AND GAS LEASE—*Executed to One of Group of Buyers—Title for Benefit of All—Innocent Purchaser.* Where an oil and gas lease is executed to a member of a group of buyers, who takes title for the benefit of all, one who buys from the trustee with notice of the trust acquires no beneficial title against the actual owners.

2. SAME—*Oral Contract Concerning Land—Statute of Frauds—Estoppel.* Where an oil and gas lease negotiated by several lessees is made to one of them for the benefit of all, he by agreement advancing the purchase price and drawing upon the others for their respective shares, the drafts being paid, their claims thereto cannot be defeated on the ground that the transaction amounts to an oral contract for the sale of an interest concerning lands.

3. SAME—*Trust in Real Estate—Created by Parol.* Where without any fraudulent intent an oil and gas lease is executed to one of several purchasers, all of whom join in paying the consideration, under an

agreement that he is to hold it for the benefit of all, neither the trustee, nor any purchaser from him with notice of his fiduciary capacity, can defeat the trust on the ground that it was not created or evidenced by writing, even assuming that a trust in relation to such lease is one concerning real estate.

4. SAME—*Sale of Lease—Ratification—Estoppel.* Where such a trustee makes a sale of the lease and receives the proceeds thereof, one of the beneficial owners who, with knowledge of the facts, elects to look to the trustee for his share of the purchase price, thereby ratifies the sale and precludes himself from claiming title to the lease as against the purchasers.

Appeal from Montgomery district court; THOMAS J. FLAN-NELLY, judge. Opinion filed January 12, 1918. Affirmed.

*Thurman Hill, Chester Stevens, O. L. O'Brien,* all of Independence, and *W. H. Sproul,* of Sedan, for the appellants.

*Charles D. Shukers,* of Independence, and *D. B. Horsley,* of Pawhuska, Okla., for appellee *G. W. Goss,* and for appellee and appellant *W. H. Aaron.*

*J. B. Tomlinson,* of Independence, and *Paul B. Mason,* of Camp Doniphan, Okla., of counsel.

The opinion of the court was delivered by

MASON, J.: An oil and gas lease was executed by the owner of the land to A. W. Lucas. Lucas assigned it to W. M. Rothrock and C. B. Dickens. G. W. Goss and W. H. Aaron brought an action against Rothrock and Dickens, alleging and asking the court to adjudge that they were each the owners of a one-sixth interest in the lease, the title to which had been by agreement taken by Lucas for the benefit of himself, the plaintiffs, and two other persons. Judgment was rendered in favor of Goss and against Aaron. The defendants appeal from the judgment against them, and Aaron appeals from the refusal to grant him relief.

1. The defendants claim that they are entitled to protection as innocent purchasers. There was evidence, however, that before they acquired the lease, and while the purchase was under consideration, Goss had told Rothrock that he and Aaron each owned a sixth interest in it. This was sufficient to warrant a finding, which the court must be deemed to have made,

18—102 Kan.

that the buyers had such notice of the fact that Lucas held the title as a trustee as to put them on inquiry, and prevent their obtaining higher rights than were held by their grantor. (28 A. & E. Encycl. of L., 2d ed., 1128; 39 Cyc. 374-376; 2 Perry on Trusts and Trustees, 6th ed., § 828, pp. 1364, 1365.) . The question does not turn directly upon the interpretation of the statute requiring conveyances to be recorded, as was the case in *Nordman v. Rau*, 86 Kan. 19, 119 Pac. 351. The situation does not arise from the omission to record an existing instrument, but upon the holding of the legal title to property by one person in trust for others. It is not necessary to the affirmance of the judgment that this court should be able to say that the facts shown constituted notice, but merely that there was room for a reasonable inference to that effect.

2. The contention is also made that a recovery is precluded by the section of the statute of frauds which prevents the enforcement of a contract for the sale of an interest in or concerning lands unless it is evidenced by a writing. (Gen. Stat. 1915, § 4889.) This is upon the theory that Lucas himself acquired the lease and agreed orally to sell an interest in it to Aaron and Goss. The evidence, however, was sufficient to justify the conclusion that the original transaction, as a result of which the lease was executed, was participated in by Aaron and Goss, and that the title was taken by Lucas for their benefit as well as for that of the other persons interested, although by agreement Lucas advanced the money to pay for it and drew upon the others for their respective shares, the drafts being paid. In that situation the statute referred to interposes no obstacle to the plaintiff's claim.

3. It is further contended, however, that such a trust is rendered nonenforceable by the statute which forbids the creation of a trust concerning lands by parol. (Gen. Stat. 1915, § 11674.) The lease involved was an ordinary exploratory oil and gas lease, by which no title passed (*Gas Co. v. Neosho County*, 75 Kan. 335, 39 Pac. 750), and it may be doubted whether a trust in relation thereto is one concerning real estate. An oral trust with respect to a real-estate mortgage is held not to be forbidden by such a statute. (39 Cyc. 51, 52.) Assuming the rule to be otherwise with respect to such an instrument as that here involved, the right of the plaintiffs to recover is

not affected, because implied or resulting trusts are excepted from the operation of the statute. There was evidence that Aaron and Goss each paid one-sixth of the consideration for the lease, the title to which was taken in Lucas, who by agreement and without fraudulent intent was to hold title for them to that extent. The law provides that where a conveyance is made to one person, the consideration being paid by another, no trust shall ordinarily result in favor of the latter. (Gen. Stat. 1915, § 11679.) But an exception is made, which applies in this case, "where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof." (Gen. Stat. 1915, § 11681; *Rayl v. Rayl,* 58 Kan. 585, 50 Pac. 501.)

4. In behalf of Aaron it is argued that the findings of fact, which the court necessarily made in order to give judgment for Goss, also require a judgment in his favor. But there was evidence that Aaron, with knowledge that Lucas had assigned the lease to the defendants and received payment in full therefor, elected to treat Lucas as indebted to him for his share of the proceeds, and thereby ratified the sale. This precluded his asserting title to the lease.

The judgment is affirmed.