Ruth W. O'Neal, next Friend of Anne Davis Warmack
et al *v.* Ed WARMACK et ux

5-5525                                    466 S. W. 2d 913

Opinion delivered May 10, 1971
[Rehearing denied May 31, 1971.]

*Eichenbaum, Scott & Miller* and *Warner, Warner, Ragon & Smith,* for appellant.

*J. W. Durden,* for appellee.

Conley Byrd, Justice. Appellants Ruth W. O'Neal, next friend of Anne Davis Warmack, David George Warmack, John Porter Warmack and Robert Edward Warmack, minor children of appellees, and Eugene Weisenfels, guardian ad litem of James T. Warmack and Daniel D. Warmack, also minor children of appellees Ed and Jane Warmack, allege that the trial court erred in ruling that a trust instrument violated the rule against perpetuities and in the alternative that the trial court erred in ruling that the property revested in the settlors instead of the beneficiaries.

We do not reach the first point because the trust instrument, upon which the trial court ruled, has not been abstracted as required by our Rule 9(d).

The next alleged error is not supported by the record which shows that all the assets of the trust

originated with appellees Ed and Jane Warmack who made an attempted gift for the benefit of their children. The general rule is that a resulting trust arises in favor of the donor or settlor when the trust is held void for violating the rule against perpetuities. See *Hopkins* v. *Grimshaw*, 165 U. S. 342, 41 L. ed. 739, 17 S. Ct. 401 (1897); 54 Am. Jur. Trusts § 200.

Affirmed.

GEORGE ROSE SMITH, J., concurs, and FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent as to point two. I find no evidence whatever to support the statement that Mr. and Mrs. Warmack made or attempted any gift to their children or that any of the assets of the trust originated with them. Ed Warmack testified that all property of the purported trust was conveyed to him as trustee for Ed Warmack Family Trust. He never owned any of the real property, nor held any title except as trustee. He borrowed the money, in his capacity as trustee, to purchase the Kansas property, the first acquisition. Later he exchanged property he personally owned for property in Louisiana conveyed to the trust, but financed the property as trustee and paid himself the fair market value of his property exchanged. There is a shopping center on the Kansas property and a Sears-Roebuck warehouse on the Louisiana property. The income from the property has been invested for the benefit of his six children. He has never claimed any of it and stated that it had always been his intention that his children have the benefit of this trust property. Neither he nor his wife has ever claimed any of the trust property personally. He testified that neither he nor his wife had ever given any money to the trust.

It seems to me that the Warmacks, as declarants of the trust, clearly intended a trust for the benefit of all children born to them during the life of the trust. This is clearly indicated by Paragraph 1 of the trust set out in appellants' brief. The invalidity of the trust

should not vest title in grantors who conveyed the property to the trustee and who have been paid full consideration for their conveyances. While a resulting trust in favor of the grantor is often declared when the trust expressed in his conveyance fails, such a result is proper and equitable when the conveyance is without consideration, but it is improper when the grantor conveys his entire estate upon a valuable consideration. *Davis* v. *Jernigan,* 71 Ark. 494, 76 S. W. 554. The father was not the grantor in any conveyance of property to him as trustee under the declaration of trust, so there would be no proper basis for a trust in his favor. Certainly there should not be a trust in favor of the grantors who have received a valuable consideration for their property. *Davis* v. *Jernigan,* supra.

The violation of the rule against perpetuities can only be based upon delayed distribution of the corpus beyond the time allowed. The conveyances themselves should not be invalid. The equitable result would be that the title to the property go to those who should certainly benefit—the children of the Warmacks—and that the title should be held in trust for their benefit, either by resulting trust of which the grantors in the conveyances are trustees, or, preferably, the named trustee in the conveyances, the father of these children. Vesting the title in the parents, or either of them, who have not contributed one cent to the purchase price of the property and who never intended to benefit from the purchases seems totally inequitable.

Neither of the parties is a donor or a settlor in the sense of the authorities stated in the majority opinion. Regardless of the very wholesome desires of these parents at the time the family trust was created and their present concern for their children, there are many, many factors, such as financial reverses, that frustrate the most noble parental concern. More than 90 years ago, Mr. Justice Eakin spoke for this court of equity's jurisdiction over the property of minors as a very high trust, involving the most delicate and important interests of a helpless class which is peculiarly the subject of the jealous and watchful care of chancery

and peculiarly liable to injury from the greed of crafty men and the carelessness of relations. *Myrick* v. *Jacks,* 33 Ark. 425.

This concern for the welfare of minors makes it our duty to take that action with regard to the title to the land which is most consonant with the best interests of these minors. The principles of equity not only permit us to do so, but direct us to do so. The rules applicable to property freed from the disposition made by the conveyor are aptly stated at 5 Powell on Real Property 686.1, § 790 (1970) as follows:

> When the special rules applicable because of the presence of a power of appointment fail to provide a destination for the property in question, and also in all cases of complete or partial invalidity produced by the rule against perpetuities in limitations involving no power of appointment, the property in question passes, either (1) in accordance with the other limitations contained in the same conveyance to the extent that such limitations would have effectively disposed of this property if the limitations found invalid had not been made; or (2) if there are no such "other limitations," then as undisposed of property of the conveyor.

> The determination of the ultimate recipient of what cannot go exactly as the conveyor has directed is guided by a constant judicial desire to give as full effect to the manifested desires of the conveyor as is consistent with the adequate protection of social interests. The rules above stated implement this general attitude with respect to both deeds and wills, and as to limitations involving either land or personalty or both.

The rule stated by Powell is consistent with § 424, Restatement of the Law, Trusts, Second, Chapter 12, Page 370, which reads:

> Where the owner of property transfers it upon a trust which fails, and he receives from a third

person consideration for the transfer as an agreed exchange, there is a resulting trust in favor of the person who paid the consideration.

We have said that the fact that an express trust is invalid because of statutory inhibition will not prevent an implied trust from resulting by operation of law, if the circumstances are such as to give rise to a resulting trust. *Mortensen* v. *Ballard,* 209 Ark. 1, 188 S. W. 2d 749. Implied trusts are those deducible from a transaction as a matter of clear intention of the parties, but not expressed in words, or those superinduced on a transaction by operation of law as a matter of equity independently of the particular intention of the parties. They are raised by operation of law, either to carry out a presumed intention of the parties or to satisfy the demands of justice or protect against fraud. *Hunt* v. *Hunt,* 202 Ark. 130, 149 S. W. 2d 930. Accord, *Caldwell* v. *Matthewson,* 57 Kan. 258, 45 P. 614 (1896); *Allbert* v. *Allbert,* 148 Kan. 527, 83 P. 2d 795 (1938.)[1]

When I view all the circumstances here, among which are the stated intention of the parents and the source of the purchase money, I think equity demands that we declare Ed Warmack to hold the title to the property involved as trustee for the children now or hereafter born to appellees.

Language of § 404.1, V Scott on Trusts (Third Edition) 3213, seems clearly applicable:

A resulting trust is to be distinguished on the one hand from an express trust and on the other from a constructive trust. An express trust is created only if the settlor manifests an intention to create it, although the manifestation may be made by conduct as well as by words. A resulting trust arises where a person makes or causes to be made

[1]Kansas cases are referred to because a part of the trust real property lies in that state. The parties have argued Kansas law in their briefs. The record before us is devoid of any suggestion that the law of any other state has any application. See Ark. Stat. Ann. § 27-2504 (Supp. 1969); *American Physicians Ins. Co.* v. *Hruska,* 244 Ark. 1176, 428 S. W. 2d 622.

a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest in the property. In other words, an express trust is created if it appears that there was an affirmative intention to create it; whereas in the case of a resulting trust the circumstances indicate the absence of an intention to give the beneficial interest to the person in whom the legal title to the property is vested.

There are three situations in which the trust which arises is properly called a resulting trust: (1) where an express trust fails in whole or in part; (2) where an express trust is fully performed without exhausting the trust estate; (3) where property is purchased and the purchase price is paid by one person and at his direction the vendor conveys the property to another person. In each of these cases there is an inference that the person taking title to the property is not intended to have the beneficial interest, and in each of these cases the inference arises from the character of the transaction. In the first two cases an express trust is created, but there is no provision in the terms of the trust as to what is to happen if the trust fails or if there is a surplus. The inference is that the trustee is not to keep the property, and since no other disposition is made of it the property or the surplus should be returned to the settlor. The inference is, not that the settlor actually intended that the property or surplus should be returned to him, for there is no evidence that he contemplated the possible failure of the express trust or the possible existence of a surplus, but that he did not intend in any event that the trustee should have a beneficial interest. Since the trustee was not intended to keep the property or the surplus, and since no other disposition has been made in the event which has happened, the court will compel the trustee to return the property or the surplus to the person who created the trust. It cannot be said that the settlor actually intended this result, since

there is nothing to indicate that he had any intention with respect to the matter. At most it can be said that it is what he probably would have intended if the question had occurred to his mind.

On the other hand, where property is purchased by one person and the property is transferred at his direction to another, it is inferred that the purchaser intended that the grantee should hold the property for the benefit of the purchaser. It is arguable that the trust which arises is therefore an express trust arising out of the intention of the purchaser manifested by his conduct. The courts have always taken the view, however, that the trust can properly be considered a resulting trust, since no evidence of the purchaser's intention to create a trust is required other than the character of the transaction. The character of the transaction raises an inference that he did not intend that the grantee should have the beneficial interest in the property. Accordingly, it is held that the purchaser is not precluded by the Statute of Frauds from compelling the grantee to convey the property to him. The circumstances of the transaction make it unnecessary to prove an undertaking by the grantee to hold the property in trust for the purchaser, and certainly dispense with the necessity of a written memorandum which is required by the Statute of Frauds where an express trust of an interest in land is created.

The general rule is stated at 5 Thompson on Real Property (Permanent Edition) 48, § 2361, thus:

"Trusts" arising by operation of law are termed "implied trusts," and they divide into "constructive" or "resulting trust." They are deducible from the transactions of the parties where there is no express purpose to create a trust, or those which arise by operation of law as a result of the demands of justice and fair dealing. They result from the conduct, relation and supposed intention of the parties independent of any agreement what-

soever between them, and are construed as trusts as a ·matter of justice. Such trust may be created although an oral express trust fails.

In finding that the allegations of a complaint stated a resulting trust in *Allbert* v. *Allbert,* supra, the Kansas Supreme Court quoted and relied upon statements from Corpus Juris as follows:

Implied trusts are defined in 65 C. J. 221 as follows: "Implied trusts are more frequently defined as those which, without being expressed, are deducible from the nature of the transaction as matters of intent, or which are super-induced upon the transaction by operation of law as matters of equity, independently of the particular intention of the parties. However, some definitions disregard the element of intent and define these trusts to be such only as arise by operation of law. By some authorities the term 'implied trusts' is used in a sense exclusive of resulting and constructive trusts to designate a form of express trusts."

On the next page, in distinguishing a resulting trust from a constructive trust, both of which are implied trusts, it is said: "* * * a resulting trust has been defined to be one raised by implication of law and presumed always to have been contemplated by the parties, the intention as to which is to be found in the nature of their transaction, but not expressed in the deed or instrument of conveyance." 65 C. J. 222.

I find that there are applicable Kansas Statutes which read:

When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections. Kan. Stat. Ann. 58-2406.

The provisions of the section next before the last shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid; or where such alienee in violation of some trust shall have purchased the land with moneys not his own; or where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money or some part thereof. Kan. Stat. Ann. 58-2408.

See also *Aaron v. Rothrock,* 102 Kan. 272, 169 P. 1161 (1918).

On the subject of resulting trust, we find that Thompson makes these additional statements (Volume 5, Page 62, § 2370):

A resulting trust arises by implication of law, and does not grow out of a contract, and, where there is an express trust, there can be no resulting trust. It results from the conduct, relation, and supposed intention of the parties independent of any agreement whatsoever between them. Fraud is not an essential element to the creation or existence of a resulting trust. Such trusts are raised by implication of law and presumed to have been contemplated by the parties, the intention being found in the nature of the transaction although not expressed in the deed or instrument of conveyance. They oridinarily arise either upon a failure of an express trust or where property is transferred by a grantor to a third party at the request of one who pays the purchase-price. A trust may result in favor of the donor where there is a failure of an express trust. Such trust arises where the legal estate in .property is transferred, but the intent appears or is inferred from the terms of the disposition, or from the accompanying facts and cir-

cumstances, that the beneficial interest is not to be enjoyed with the legal title, in which case, the trust is implied or results in favor of the grantor who is deemed to be the real owner. A resulting trust arises when one person's money is paid for land and the conveyance is taken in the name of another person. The trust depends upon the equitable presumption of intention, and arises the instant the legal title is taken. They are sometimes termed "presumptive trusts," or "passive trusts." Where, for any reason, the legal title to property is in one person under such circumstances as to make it inequitable for him to have the beneficial interest, equity will imply a trust in favor of the person entitled to the beneficial interest. It must appear from the entire transaction that there is an obligation on the part of the holder of the legal title to hold it for the benefit of someone else.

On the subject of resulting trusts, there is an interesting and applicable discourse in 4 Pomeroy's Equity Jurisprudence (Fifth Edition) 61, et seq., §§ 1031, et seq., as follows:

In all species of resulting trusts, *intention* is an essential element, although that intention is never expressed by any words of direct creation. There must be a transfer, and equity infers the intention that the transferee was not to receive and hold the legal title as the beneficial owner, but that a trust was to arise in favor of the party whom equity would regard as the beneficial owner under the circumstances. The equitable theory of *consideration,* heretofore explained, is the source and underlying principle of the entire class (see § 981). Resulting trusts, therefore, are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go or be enjoyed with the legal title. In such case a trust is implied or results in favor of the person for whom the equit-

able interest is assumed to have been intended, and whom equity deems to be the real owner. This person is the one from whom the consideration actually comes, or who represents or is identified in right with the consideration; the resulting trust follows or goes with the real consideration.

All true resulting trusts may be reduced to two general types: 1. Where there is a gift to A, but the intention appears, from the terms of the instrument, that the legal and beneficial estates are to be separated, and that he is either to enjoy no beneficial interest or only a part of it. In order that a case of this kind may arise, there must be a true *gift* so far as the immediate transferee, A, is concerned; the instrument must not even state any consideration, and no valid complete trust must be declared in favor of A or of any other person. Such trusts, therefore, generally arise from wills, although they may arise from deeds. If the conveyance be by a deed, the trust will result to the grantor; if it be by a will, the trust will result to the testator's residuary devisees or legatees, or to his heirs or personal representatives, according to the nature of the property and of the dispositions. 2. The second type includes the cases where a purchase has been made, and the legal estate is conveyed or transferred to A, but the purchase price is paid by B.

Cases supporting the rules stated in the texts are numerous. Some are particularly applicable to the facts here:

In *Skidmore* v. *Gueutal*, 143 App. Div. 407, 128 N. Y. S. 402 (1911), it was held that when a grantor conveys property absolutely for a valuable consideration paid to a trustee who executes a declaration of trust later found to be invalid for indefiniteness and for violation of the rule against perpetuities, title does not vest in the person named as trustee, but vests in the beneficiaries named in the declaration, when it is mani-

fest that the grantor did not intend to convey to the trustee in his individual capacity.

In *Smith* v. *Pratt,* 95 N. H. 337, 63 A. 2d 237 (1949), it was held that, when the trust instrument fails to disclose the intention of a declarant concerning ultimate disposition of the res, it will result to the creator of the trust in the absence of evidence of intention that the beneficial interest should pass to someone else. In that case there was no such evidence, so the one who furnished the consideration for the conveyance to the trustee who made the declaration of trust was deemed to be the creator of the trust and the beneficiary of a resulting trust in the remainder, after a life estate in the trustee specifically provided for in the property.

In *Rosenthal* v. *Miller,* 148 Md. 226, 129 A. 28 (1925), it was said that when there is consideration for a conveyance upon a void trust, or one which fails, the grantee takes the beneficial interest only when he furnishes the purchase money, but if it was paid by someone else, a resulting trust arises in favor of the party furnishing the consideration.

*Graybill* v. *Manheim Central School District,* 175 Pa. Super. 415, 106 A. 2d 629 (1954), is another case in which it was held that fee simple title vests in the beneficiary in a deed where full consideration has been paid to the grantor and an attempted limitation is void for violation of the rule against perpetuities.

I would reverse the decree and remand for the entry of a decree declaring that Ed Warmack holds the corpus of the trust as trustee for the use and benefit of children born to him and his wife.