

# The Attorney General of Texas

September 11, 1980

MARK WHITE
Attorney General

Supreme Court Building
P O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Hamp Atkinson, Chairman
Public Education
House of Representatives
Austin, Texas 78769

Opinion No. MW-238

Re: Whether school boards may discontinue hiring teachers on a "probationary or continuing contract basis."

Dear Representative Atkinson:

You have posed the following question:

> If a board of trustees of an independent school district adopts Subchapter C of Section 13 of the Texas Education Code, does it or a subsequent board have the power to rescind such action, or are it and future boards forever bound to offer probationary and continuing contracts to all present and prospective teachers?

Prior to 1967, independent school district boards of trustees had no authority to adopt permanent tenure plans for hiring teachers. Fromen v. Goose Creek Ind. School District, 148 S.W. 2d 460 (Tex. Civ. App. - Galveston 1941, writ dism'd., jdgmt. cor.). Pursuant to article 2781, V.T.C.S., (since repealed; see, now, Educ. Code §23.28), boards of such districts could only hire teachers under a "fixed term contract" for as many as three or five years, depending upon the size of the district. Term contracts cover a specified time period and do not establish tenure rights on behalf of the employee. Board of Regents v. Roth, 408 U.S. 564 (1972).

In 1967, the legislature enacted article 2891-50, V.T.C.S. (now Chapter 13, Subchapter C of the Education Code), which changed the public policy regarding teacher tenure. Article 2891-50 established a tenure plan whereby teachers may, following a probationary period, be awarded a "continuing contract" which is terminable only for specified causes and in accordance with prescribed procedures. See Educ. Code §13.101, et seq. The tenure plan is discretionary; a school board may choose to implement its provisions or it may continue to hire teachers under term contracts. Carl v. South San Antonio Ind. School District, 561 S. W. 2d 560 (Tex. Civ. App. - Waco 1978, writ ref'd n.r.e.); Hix v. Tuloso-Midway Ind. School District, 489 S.W. 2d 706 (Tex. Civ. App. - Corpus Christi 1973, writ ref'd n.r.e.); Attorney General Opinion M-123 (1967).

Section 13.101 of Subchapter C of the Education Code, states, in pertinent part:

> Each teacher hereinafter employed by any school district...
> shall be employed under... a contract that is either a 'proba-
> tionary contract' or a 'continuing contract' in accordance with
> the provisions of this subchapter if the school board chooses to
> offer such teacher a 'probationary contract' or a 'continuing
> contract.' All such contracts shall be in writing... and shall
> embody the terms and conditions of employment hereinafter set
> forth, and such other provisions not inconsistent with this
> subchapter as may be appropriate.

Sections 13.102 through 13.116 of the Education Code set forth the conditions under which such contracts may be awarded and, if necessary, terminated.

At the outset, we note that it is unclear whether a board must actually "adopt" the continuing contract law. On the one hand, the language of section 13.101 suggests that adoption is unnecessary and that a board may decide on a case-by-case basis whether to award individual teachers a probationary or continuing contract or a term contract. "Each teacher hereinafter employed... shall receive... a 'probationary contract' or a 'continuing contract'... if the school board chooses to offer such teacher a 'probationary contract' or a 'continuing contract'." (Emphases added). On the other hand, courts seem to have assumed that the tenure plan must be "adopted" in order to be effective, and that all teachers employed after the date of adoption come under its provisions. See, e.g., Hix v. Tuloso-Midway Ind. School District, supra; Garcia v. Pharr, San Juan, Alamo Ind. School District, 513 S.W. 2d 636 (Tex. Civ. App. - Corpus Christi 1974, writ ref'd n.r.e.). A 1973 amendment to section 23.28 of the Education Code states, moreover, that "This section does not apply to teacher's contracts in... districts which have adopted... Subchapter C, Chapter 13...." (Emphasis added). We deem it unnecessary to address this question, however, since you have specifically asked whether a school board that "adopts" the continuing contract law thereby irrevocably commits that district to offer probationary and continuing contracts to all present and prospective teachers. Assuming that "adopts" connotes formal board action, we will limit our inquiry to the question whether such action, once taken, may later be rescinded.

A fundamental concept underlying legislation affecting Texas school districts is that decisions concerning the public schools should, whenever possible, be made and implemented at the local level. The legislature's long-standing commitment to local control of public education finds expression in section 23.26 of the Education Code, which confers upon school trustees "the exclusive power to manage and govern the public free schools of the district." The United States Supreme Court has approved the concept of local control, San Antonio Ind. School District v. Rodriguez, 411 U.S. 1 (1973), and Texas courts have made clear their reluctance to interfere with school trustees' exercise of their authority absent evidence of a clear abuse of discretion. Nichols v. Aldine Ind. School District, 356 S.W. 2d 182 (Tex. Civ. App. - Houston 1962, no writ). The question whether a board may rescind a decision to adopt the continuing contract law must be answered in light of this public policy.

A cardinal rule of statutory construction is that the true meaning of a statute should be determined by considering the motives which induced the legislature to enact it. See 78 C.J.S. Schools and School Districts §180. As we have observed, the legislature's intent in enacting a permissive tenure plan was clearly to give school boards a choice between hiring teachers under that plan or contracting with them for fixed terms. See, e.g., Carl v. South San Antonio Ind. School District, supra. We think the element of choice is crucial. There is no evidence in the continuing contract law itself or in subsequent case law to indicate that the legislature intended this choice, once made, to be irrevocable. Absent such evidence, there is nothing to support that conclusion. In this respect, it should be noted that when the legislature has intended that a school board decision to adopt a permissive statute should be irrevocable, it has clearly said so. For example, section 23.11(f) of the Education Code, which permits election of school trustees by position, provides that: "Once the board... has adopted the provisions of this section, neither the board... nor their successors may rescind the action." Had the legislature intended the continuing contract law to be irrevocable, it could easily have provided accordingly.

Moreover, it is our opinion that the legislature did not, in light of its commitment to the concept of local control of public education, intend that a school board would, by adopting the tenure plan, irrevocably bind itself and, more importantly, its successors to that plan, which may for any number of reasons later be deemed undesirable. If a board is to be able to fulfill its statutory mandate to "manage and govern the... schools...," Education Code section 23.26, it must have flexibility to change its policy directions unless it has clearly been prohibited from doing so.

For these reasons, we conclude that a decision to adopt the provisions of Chapter 13, Subchapter C of the Education Code may be rescinded.

You have also asked:

> If a board may rescind such action:
>
> a. Do teachers already employed under continuing contracts have any vested right to continue under such contracts after the recission (even though all prospective teachers will enter under term contracts)?
>
> b. Do teachers employed under probationary contracts have any vested right to continue under such contracts until they have been employed three years and can receive continuing contracts (even though all prospective teachers will enter under term contracts)?

In our opinion, the answer to these questions may be found in the continuing contract law itself.

Section 13.101 states that:

> ...All [probationary and continuing contracts] shall be in writing, in such form as may be promulgated by... the commissioner of education, and shall embody the terms and conditions of employment hereinafter set forth. . . .

Section 13.102 provides, in pertinent part:

> Any person who is employed as a teacher... for the first time, or who has not been employed by such district for three consecutive school years subsequent to August 28, 1967, shall be employed under a 'probationary contract,' which shall be for a fixed term as therein stated;... no such contract shall be for a term exceeding three school years. . . .

Section 13.107 provides, in pertinent part:

> Each teacher with whom a continuing contract has been made as herein provided shall be entitled to continue in his position or a position with the school district... for future school years without the necessity for annual nomination or reappointment, until such time as [one of the stated conditions occurs].

As Section 13.101 makes clear, executed probationary or continuing contracts incorporate the provisions of the continuing contract law, either expressly or by implication. When a school board exercises the choice given it by the legislature and enters into a probationary or continuing contract with its teachers, it thereby creates a binding contract which is governed by the terms of that law. See Cummins v. Eanes Ind. School District, 468 S.W. 2d 913 (Tex. Civ App. - Austin 1971, no writ). Thus, one must look to section 13.101, et seq., to determine the rights and obligations of the parties to the contract.

Under the continuing contract law and, therefore, under the employment contract, a continuing contract teacher is entitled "to continue in his position or a position with the school district... without the necessity for annual nomination or reappointment" until such time as one of the stated events occurs. Educ. Code S13.107. A board decision to rescind its adoption of the continuing contract law would have no effect upon this entitlement, which was created in a contract validly executed by two parties with full authority to so contract under a law that is still in effect. In this respect, the contract is no different from any other valid contract, and its terms may not be altered without the consent of both parties. It follows, therefore, that the relationship of the district to the teachers who have entered into continuing contracts with a school board that later rescinds its decision to adopt the continuing contract law will continue to be governed by that law, as incorporated in those contracts, even after recission. See also Indiana ex rel. Anderson v. Brand, 303 U.S. 95, reh. den., 303 U.S. 667 (1938).

Similarly, one must look to the continuing contract law to ascertain the rights and obligations of a teacher under a probationary contract, "which shall be for a fixed term as therein stated... [not to exceed three or, where permitted, four school years]." Educ. Code §13.102. Pursuant to the continuing contract law, a teacher would be entitled to serve out the remainder of the term stated in a probationary contract executed prior to the date of recission, but, provided he or she is first terminated, see Education Code sections 13.103, and 13.104, may thereafter be given a term contract. It should be noted that a teacher under a probationary contract would, unless terminated in accordance with sections 13.103 and 13.104, automatically be entitled to a continuing contract.

Accordingly, in answer to your third question, teachers serving under a probationary contract executed before a school board rescinds its adoption of the continuing contract law may, upon termination of their contract, pursuant to sections 13.103 and 13.104, be awarded term contracts. If not terminated in this manner they would be entitled to a continuing contract.

## SUMMARY

The board of trustees of an independent school district may rescind a decision to adopt Chapter 13, Subchapter C of the Education Code. If it does so, teachers with valid probationary or continuing contracts executed prior to the date of recission will continue to be governed after recission by their contracts incorporating the continuing contract law. Continuing contract teachers are entitled to be employed until one of the specified conditions for termination occurs, and they are entitled to the procedural safeguards afforded by the law. Probationary contract teachers are entitled to serve out the balance of the term stated in their contract. Upon termination of the contract and in accordance with the procedures set forth in the continuing contract law, they may be awarded term contracts.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Laura Martin
Bruce Youngblood