### J. A. CAPLEN ET AL. v. JOHN B. COMPTON ET AL.

### No. 371.

1. **Judgments Voidable and Void.**—It is difficult to draw the line of demarkation between judgments void and voidable. If voidable only, it is conclusive against all whose rights it may affect until reversed or vacated by a court of competent jurisdiction on proceedings instituted directly for that purpose. But if the record shows that the court which rendered the judgment which is attacked was without power to render it, then it is void, and may be so treated by any court in any suit. A judgment upon citation for "the unknown heirs" of the supposed decedent, declaring the escheat of the estate of a living man, is void.

2. **Escheat—Insufficient Citation.**—The method provided by statute for escheating estates prescribes that a citation shall be issued for all persons interested in the estate. A citation for "the unknown heirs" of the owner of the estate is fatally defective. If the owner was dead and left surviving him either heirs or devisees there could have been no escheat, and his unknown heirs were therefore not the only persons who might be interested in the estate.

3. **Evidence that the Owner was Alive.**—There was no error in permitting appellees to show by evidence that the owner was alive when the judg-

ment declaring the escheat was rendered, and that they had bought the property from him.

4. **Escheat of the Estate of a Living Man.**—Mr. Justice PLEASANTS holds: Escheat means, that when one seized in fee of land dies without heir or devisee, the title reverts to and vests in the State. The effect of the decree of the court is to judicially declare and determine that the estate has escheated, and direct its disposition. If the person whose property is the subject of judicial inquiry be not in fact dead, the judgment of the court which vests his property in the State upon the assumption of his death is á nullity.

ERROR from Harris. Tried below before Hon. JAMES MASTERSON.

*Austin & Rose*, for plaintiffs in error.—1. The court erred in overruling the demurrer of defendant Caplen, because it appears from plaintiff's petition that plaintiff purchased the land in controversy after the escheat sale thereof to defendant Caplen from Philo C. Merwin, whose land it was that was escheated, and that said Caplen paid $800 for said land at said sale, which has been paid into the treasury of the State, less the costs of said escheat proceeding, where it is subject to be drawn out by said Merwin, or such other person as may be legally entitled to the same; and there are no allegations in the petition of an offer or tender on the part of plaintiff to pay or return to said Caplen the money so paid out by him for said land, which must be done before the plaintiff could recover the land from said Caplen. Hatch v. Garza, 7 Texas, 63; Teas v. McDonald, 13 Texas, 357; Perez v. Everett, 73 Texas, 434; Rev. Stats., arts. 1783, 1784.

2. The court erred in overruling defendants' exceptions to that part of the plaintiff's petition alleging a want of jurisdiction in the District Court of Harris County, Texas, to render the judgment in the case of The State of Texas v. Unknown Heirs of Philo C. Merwin, escheating the land in controversy to the State, and alleging the invalidity of said escheat proceeding, because said Philo C. Merwin was not dead at the time the same was instituted and the said judgment was rendered; and by reason of the further fact, as claimed in plaintiff's petition, the citation, because addressed to the unknown heirs of Philo C. Merwin, was not in compliance with the law, and was an insufficient citation to give the court jurisdiction; because this suit is strictly a trespass suit and a collateral proceeding, and the plaintiff is confined in his allegation of facts to show a want of jurisdiction in said escheat proceeding, to such matters as appear on the face of the record; and it having been adjudicated in said escheat proceeding that Philo C. Merwin was dead and that there was a failure of heirs, this matter is res adjudicata, and the allegation that said Merwin is alive is the allegation of a fact dehors the record, which can not in a collateral proceeding be made the basis for vacating a judgment of a court of record; because said citation is in substantial compli-

ance with the law and contains every essential requirement of the statute. Const., art. 13, sec. 1; Rev. Stats., arts. 1770, 1771, 1777, 1779, 1817, 1773, 1236; Collins v. Miller, 64 Texas, 118; Martin v. Robinson, 67 Texas, 370; Murchison v. White, 54 Texas, 78; Buchanan v. Bilger, 64 Texas, 593; Fitch v. Boyer, 51 Texas, 344; Tennell v. Breedlove, 54 Texas, 543; Davis v. Robinson, 70 Texas, 394; Weideranders v. The State, 64 Texas, 137; Wade on Notice, secs. 1056, 1160, 1085; Black on Judg., secs. 223, 224, 263; Treadway v. Eastburn, 57 Texas, 209; 1 Freem. on Judg., 4 ed., secs. 126, 127, 130, 131, 132, 336; Vanfl. on Coll. Att., secs. 3, 4; Lawler v. White, 27 Texas, 250; Hanna v. The State, 84 Texas, 664; The State v. Teulon, 41 Texas, 252; Weaver v. Shaw, 5 Texas, 287; Thouvenin v. Rodrigues, 24 Texas, 480; Mills v. Alexander, 21 Texas, 163.

3. The court erred in allowing plaintiff and intervenor to introduce evidence that Philo C. Merwin was alive at the time said judgment escheating said land was rendered, and that he was still alive; because the fact as to whether said Philo C. Merwin was dead or alive at the time said judgment escheating said land was rendered was an issue of fact involved in said escheat proceeding, which was a proceeding in rem, and it was an adjudicated fact by virtue of said escheat judgment that Philo C. Merwin was dead at the time the same was rendered. Weaver v. Shaw, 5 Texas, 287, 288; Thouvenin v. Rodrigues, 24 Texas, 480; Mills v. Alexander, 21 Texas, 163; Case v. Ribelin, 1 J. J. Marsh, 29; Rev. Stats., arts. 1770, 1771, 1777, 1779; Collins v. Miller, 64 Texas, 118; Martin v. Robinson, 67 Texas, 370; Murchison v. White, 54 Texas, 78; Buchanan v. Bilger, 64 Texas, 593; Fitch v. Boyer, 51 Texas, 344; Tennell v. Breedlove, 54 Texas, 543; Davis v. Robinson, 70 Texas, 394; Treadway v. Eastburn, 57 Texas, 209; Lawler v. White, 27 Texas, 250; 1 Freem. on Judg., 4 ed., secs. 215, 131, 132; 2 Freem. on Judg., sec. 336; Black on Judg., secs. 223, 224, 263; Vanfl. on Coll. Att., secs. 3, 4.

*E. P. Hamblen*, for defendants in error.—1. The money paid by Caplen did not enure to Merwin's benefit, but was paid into the treasury of the State under a void judgment which Caplen caused to be rendered, and may be recovered by Caplen from the State, and therefore no tender was required.

2. The petition filed in the escheat proceeding failed to allege that Merwin was dead, and therefore the court has no authority or jurisdiction to render a judgment escheating said land. Hughes v. The State, 41 Texas, 20; Martin v. Robinson, 67 Texas, 375; Wiederanders v. The State, 64 Texas, 136; Hanna v. The State, 84 Texas, 665.

3. The citation by publication in the escheat case not having been given as required by law, the court had no jurisdiction to hear said cause nor render a judgment therein. Rev. Stats., art. 1773; The State v.

Teulon, 41 Texas, 249; Wiederanders v. The State, 64 Texas, 133; Hanna v. The State, 84 Texas, 667.

4. The judgment of the court in the escheat proceedings depended for its validity upon the fact that Merwin was dead; and if he was not dead, then the action of the court was void, and it was competent to prove these facts by witnesses.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal presents for our decision the validity or invalidity of a judgment of escheat, pronounced by the District Court of Harris County, on the 11th of January, 1890, in proceedings instituted by the county attorney of Harris County for the purpose of escheating land as property of the estate of one Philo C. Merwin. The appellee Compton filed his suit against appellants on the 20th of August, 1892, setting out the proceedings in escheat, and charging that they were null and void, and averring that the said Merwin was still living, and that he had since the rendition of said judgment purchased the land from him; and that the appellant Caplen had procured the said county attorney to institute and prosecute to final judgment said proceedings in escheat for the fraudulent purpose of acquiring title to the land, and that at the sale made by the sheriff under said judgment he purchased said land through one Nicholson, and afterwards received a deed from Nicholson for the land; and he prayed that said Caplen and said Nicholson be cited to answer his petition, and that the said judgment of escheat be declared null and void, and that he have his writ of possession, and that he be quieted in his title.

The appellee W. P. Hamblen intervened in the suit, and asserted title to one-half interest in said land, by purchase from the plaintiff, and adopted the pleadings of the plaintiff. The appellant Caplen denied the allegations of fraud, and he also excepted to the petition on the ground that it sought by collateral attack to avoid the judgment of escheat.

Upon trial of the cause, judgment was rendered for appellees for the land, and the defendants appealed.

It is insisted by the appellants, that the judgment of escheat is not void, and that therefore the appellees can not attack it collaterally. If the judgment be not void, the proposition that it can not be attacked collaterally is correct, and the judgment rendered by the court a quo for appellees must be reversed. It is often difficult to draw the line of demarkation between what is void and what is voidable only. If a judgment is voidable simply, it is conclusive against all whose rights it may affect until it is either reversed by the appeal, or vacated and held for naught by a decree of court of competent jurisdiction, rendered on proceedings instituted directly for that purpose. But when a judgment is void it is a nullity, and may be so treated by any court in any suit or other judicial proceeding. In numerous decisions of the highest

and most distinguished courts it is held, that the judgment of a court of general jurisdiction can not be held to be void unless the record shows that the court was without power to render the judgment. This may be said to be the rule; but the courts of this State recognize at least one exception to this rule. A judgment ordering administration upon the estate of a living man is a nullity, although the proceedings in the court are regular, and there is nothing upon the record showing or suggesting that the owner of the property upon which administration is granted is living.

The Legislature has provided a method for escheating property, and that method must not be departed from in any essential particular; such departure will render null and void the judgment. Among other things prescribed by the statute is, that a citation shall be issued for all persons interested in the estate to appear and answer the petition praying for the escheat. In this case the record discloses that the citation issued was for "the unknown heirs of Philo C. Merwin." This it is urged by counsel for appellants in their learned brief, was a substantial compliance with the statute. But was it? We are of the opinion that it was not. There could have been no escheat of the property had Merwin been dead, if he left surviving either heirs or devisees. His "unknown heirs" were not, therefore, the only persons who might be interested in the estate; and all such persons, by the method provided by the Legislature, must first be cited to appear and answer before the court could acquire jurisdiction of the estate. Hanna v. The State, 84 Texas, 665.

This court is unanimously agreed that the omission in the citation is a fatal defect, and that by reason thereof the judgment of escheat pronounced by the District Court of Harris County on the 11th of January, 1890, vesting the title to the land in question in the State, and ordering it to be sold by the sheriff of said county, is null and void; and that there was no error in permitting the plaintiff and intervenor to offer evidence showing that Philo C. Merwin was living when the judgment was rendered, and that they had purchased from him since that date.

Speaking for myself, there can be no escheat so long as the owner of the land be alive, whether he be known to be living or not; and no length of absence from the country will empower any court, by its decree, to divest the title of a citizen of this State to land and vest it in the State. Escheat has a well defined meaning. When one seized in fee of land dies without heir or devisee, the title reverts to and vests in the State. The decree declaring the escheat does not vest it. Upon the death of the owner without heir or devisee, the law vests the title in the State; the fee is never in abeyance. The effect of the decree of the court is to judicially determine and declare that the property has escheated, and to direct the disposition of it in accordance with the provisions of the statute. The whole proceedings in escheat, from alpha to omega, assume, just as the Probate Court does in granting letters of administration or letters

testamentary, that the last person seized of the fee is dead; and in each case, if the person whose property is the subject of judicial inquiry be not in fact dead, the judgment of the court, which rests upon the assumption of his death, is a nullity. A citizen may, by his negligence, permit another, by operation of the statute of limitations or by tax sale, to acquire title to his land. But I know of no authority in the Legislature or the courts of this State to deprive one of his title to property because of his absence from his home or from his country. The Constitution, article 13, section 1, does not authorize the Legislature to create an escheat; it simply directs it to provide a method for ascertaining whether or not there has been in any case an escheat. No man can be deprived of his property except by due course of law. Bill of Rights, sec. 19.

That Philo C. Merwin was alive when the decree of January 11, 1890, declared his land to have escheated, is beyond cavil, and that both plaintiff and defendant claim title from him, we think is established by the evidence.

The judgment of the lower court, decreeing the title to the land in controversy to be in the plaintiff and the intervenor, is in all things affirmed.

*Affirmed.*

Delivered December 7, 1893.

Application for writ of error was refused February 12, 1894.