### ROBINSON et al. v. STATE et al.

No. 3266.

Court of Civil Appeals of Texas. El Paso.

Oct. 17, 1935.

Rehearing Denied Oct. 31, 1935.

Sam B. Gillett and Whitaker & Peticolas,. all of El Paso, for appellants.

Roy D. Jackson, Dist. Atty., Theodore Andress, Asst. Dist. Atty., and Gil L. Newsom, all of El Paso, for appellees.

PELPHREY, Chief Justice.

On January 8, 1929, William Bradford died in the state of California. At the time of his death he was seized of an estate in El Paso county, Tex., of the value of more than $18,000. Winchester Cooley of El Paso applied and was appointed administrator of his estate. Upon application P. W. Still was appointed to go to California and search for a will of the said William Bradford. He found none. After two years had elapsed, with no will being found and no heirs having appeared, the administration was closed and the residue of the estate, amounting to $15,833.67, was paid into the treasury of the state of Texas.

On July 25, 1932, W. S. Berkshire, district attorney of El Paso county, Tex., filed a petition in the Forty-First district court, seeking to have said sum escheated to the state. Citation by publication was issued, and Hon. C. L. Galloway was appointed by the court to represent the unknown heirs. After filing an answer in behalf of said unknown heirs, C. L. Galloway died and J. M. Hulse was appointed to represent the heirs. Thereafter Tennie V. Robinson, her sisters, brother, and nieces, intervened claiming that William Bradford, deceased,.

was a brother of their father and grandfather, Richard J. Bradford, and that, therefore, they were the lawful heirs of William Bradford and entitled to his estate.

A Rice Bradford and his heirs also intervened, claiming to be the heirs of William Bradford, but later abandoned their claim.

Upon the third trial of the cause a jury found that William Bradford died without heirs and without leaving a will and that Richard James Bradford, the father of Tennie V. Robinson and the other claimants, was not a brother of William Bradford.

From a judgment in favor of the state, interveners have appealed.

## Opinion.

Appellants' assignments of error and propositions present the following contentions: (1) That the state's evidence was insufficient to support the judgment; (2) that the verdict is contrary to the overwhelming preponderance of the evidence; (3) that there was error in the manner in which question No. 1 was submitted; and (4) that the court erred in permitting appellee's counsel to make improper argument. The evidence of the state is questioned in two particulars, viz.: That it was insufficient to show that William Bradford died without heirs and that any search was made for them.

Article 13, § 1, of our Constitution, provides that the Legislature shall provide a method for determining what lands have been forfeited, and for giving effect to escheats.

Pursuant to this authority the Legislature enacted our statutes on the subject of escheat (Vernon's Ann. Civ. St. art. 3272 et seq.), prescribing the circumstances under which property should escheat for failure of heirs, providing for the filing of a petition by the district or county attorney and what such petition should contain, for the appearance and pleading of claimants, for judgment by default, issue and trial, judgment after trial, taxation of costs, execution of a writ for the property, for sale of the property, etc.

[1] The statutes (article 3273) require that the petition shall set forth the description of the estate, the name of the person last lawfully seized of possession of the same, the name of the tenants or persons in actual possession, if any, the names of the persons claiming the estate, if any such are known to claim or whose claim may be discovered by the exercise of reasonable diligence, and the facts or circumstances in consequence of which such estate is claimed to have escheated and the diligence exercised to discover the claimants of same. Forfeitures not being favored by the law, it has been held that no escheat, nor the proceeding therefor, can be had except under and according to the legislative enactments, Hamilton v. Brown, 161 U. S. 256, 16 S. Ct. 585, 40 L. Ed. 691, and that the method provided must not be departed from in any essential particular, otherwise the judgment will be void. 17 Tex. Jur. § 4, pp. 75 and 76; Caplen v. Compton, 5 Tex. Civ. App. 410, 27 S. W. 24; Wiederanders v. State, 64 Tex. 133.

■ It is manifest, we think, that the right of the state to bring an action of escheat depends upon whether or not there has been reasonable diligence used to discover claimants of the estate.

The Legislature fixed such a precedent when it required that persons whose claim might be discovered by the use of ordinary diligence should be named in the petition of the state and that, in addition, the petition should contain an allegation of the diligence which had been exercised.

■ The rule is, in our opinion, a wholesome one. If in truth the circumstances exist which escheat the property to the state, the title vests in the state by operation of law upon the death of the owner. Ellis v. State, 3 Tex. Civ. App. 170, 21 S. W. 66, 24 S. W. 660. And the only purpose of the proceedings provided by the statutes is to secure a judicial declaration that the facts exist which, under the law, cast title upon the state.

These facts being true, the Legislature very properly placed upon the state the burden of using ordinary diligence to discover claimants of the estate before bringing its action to establish its title thereto.

■ We are further of the opinion that the Legislature, by requiring that the diligence used be alleged, also intended that proof be made of the facts as alleged, and that the state is not entitled to a judgment until it has made such proof. In the case at bar there is no evidence that any diligence was used to discover claim-

ants of the estate prior to the filing of the suit by the district attorney and, therefore, the judgment must be reversed.

We do not agree with appellees that appellants may not complain of the insufficiency of the evidence to show diligence to discover claimants of the estate because, if there was error, it did not injuriously affect them but affected only the rights of others who did not appeal. The state's right to a judgment in this case rested upon its compliance with the method provided by the statutes in every essential particular, and a failure to so comply can be raised by any one who was a party to the suit in the court below.

See Wiederanders v. State, 64 Tex. 133, where appellants, who were duly cited, complained of the failure of the state to cite other parties in interest to appear and defend, as required by law. There were other claimants in the case who were not parties to the appeal, yet the court sustained the assignment and reversed the judgment.

Other errors complained of will not occur on another trial and will not be discussed.

The judgment of the trial court is reversed, and the cause remanded.

Justice WALTHALL did not sit in this case.