

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 1, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-795

Re: Can the Comptroller and
Treasurer clear funds from
the Trust Account 923, In-
surance Companies Unclaim-
ed Dividends Account, funds
with the State Treasurer,
to the General Revenue Fund
to pay the appropriation to
the State Auditor for the
cost of audit of the Liqui-
dation Division of the Board

Dear Mr. Calvert:          of Insurance.

In your request for an opinion you asked three
questions. The first question is as follows:

"Can the Comptroller and Treasurer
clear funds from the Trust Account 923,
Insurance Companies Unclaimed Dividends
Account, funds with the State Treasurer,
to the General Revenue Fund to pay the
appropriation to the State Auditor for
the cost of audit of the Liquidation
Division of the Board of Insurance?"

Paragraphs (e) and (f) of Section 8, Article
21.28 of the Insurance Code read as follows:

"(e) Unclaimed Dividends. Unclaim-
ed dividends on approved claims remain-
ing in the receiver's hands after payment
of the final dividend shall be delivered
to the Board. Such funds shall be de-
posited by the Board in trust in a special

account to be maintained with the State
Treasurer. /These unclaimed funds con-
stitute Trust Account 923./

"(f) Escheat. On receipt of satis-
factory written and verified proof of
ownership within two (2) years from the
date such funds are so deposited with
the State Treasurer, the Board shall
certify such facts to the Comptroller
of Public Accounts, who shall issue
proper warrant therefor in favor of
the parties respectively entitled there-
to drawn on the State Treasurer. Any
such money remaining unclaimed with the
Board for two (2) years shall automati-
cally become the property of the Board."

The last sentence of paragraph (f) has been
underscored for emphasis.

Section 1, Article XIII of the Texas Consti-
tution provides that:

". . . the Legislature shall pro-
vide a method . . . for giving effect
to escheats; . . ."

It is stated in 17 Tex. Jur. 73, Escheats, Sec-
tion 3, with reference to the above constitutional pro-
vision, that:

"This provision of the constitution
does not authorize the legislature to
create an escheat--that would be a tak-
ing of property without due process of
law; it simply directs that provision
be made for a method of ascertaining
whether or not there has been one."

The early case of Caplen v. Compton, 27 S.W.
24 (Tex. Civ. App., 1893, error ref.) held that:

"The constitution (article 13, 8 1)
does not authorize the legislature to

create an escheat; it simply directs
it to provide a method for ascertain-
ing whether or not there has been in any
case an escheat. No man can be depriv-
ed of his property except by due course
of law. Bill of Rights, §19."

On the basis of these authorities, it appears
that if paragraph (f), Section 8, Article 21.28 of
the Insurance Code is construed as ipso facto creat-
ing an escheat, then our opinion must be that para-
graph (f) is unconstitutional. (See Op. Att. Gen.
V-997, p. 3, 4).

On page 1 of Attorney General's Opinion WW-
570, it is stated that "discovery", "notice",
"inquest of office" and the ultimate investiture in
the State of the title and possession of ownerless
property are all proper and necessary parts of all
escheat laws. As the California court stated in
Mathews v. Savings Union Bank & Trust Co., 184 Pac.
418:

"A construction of Section 1273
of the Code of Civil Procedure and Sec-
tion 15 of the Bank Act by which title
to money on deposit would pass to the
state absolutely on the expiration of
20 years, without compensation to the
owner and without notice and hearing
before his property should be taken,
would be intolerable."

See also Standard Oil Company v. State of New Jersey,
341 U.S. 428, 433, regarding the requirement of ade-
quate notice.

Paragraph (f) Escheat, Section 8, Article 21.28
of the Insurance Code refers to money belonging to
private individuals. It states unequivocally that
"Any such money remaining unclaimed with the Board for
two (2) years shall automatically become the property
of the Board." This sentence is clear and easy to
understand, and gives rise to only one interpretation -

that two years after the money of private individuals has been deposited with the State Treasurer, it automatically escheats to the State. (The Insurance Board is an agency of the State.) No provision is made for notice or for any kind of proceeding to declare the money escheated. This is clearly a taking of private property without due process of law.

It is, therefore, our opinion that the last sentence of paragraph (f) Escheat, Section 8, Article 21.28 of the Insurance Code, underscored above, is unconstitutional. It necessarily follows that our answer to question No. 1 is negative.

In view of this answer to question No. 1, there is no need to answer questions No. 2 and No. 3.

## SUMMARY

The Comptroller and Treasurer may not clear funds from Trust Account 923, Insurance Companies Unclaimed Dividends Account, to the General Revenue Fund. The last sentence of paragraph (f) Escheat, Section 8, Article 21.28 of the Insurance Code is unconstitutional as a taking of private property without due course of law.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Phocion S. Park III
Phocion S. Park III
Assistant

PSP:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Richard Wells
L. P. Lollar
James H. Rogers
F. C. Jack Goodman
REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore