Irene CARL, Appellant,

v.

SOUTH SAN ANTONIO INDEPEN-
DENT SCHOOL DISTRICT,
Appellee.

No. 5820.

Court of Civil Appeals of Texas,
Waco.

Jan. 12, 1978.

Rehearing Denied Feb. 2, 1978.

Craig L. Austin, Steven R. Wolfson, San Antonio, for appellant.

Robert S. Bambace, Randall N. Finley, Joe P. Martin, Fulbright & Jaworski, Houston, for appellee.

HALL, Justice.

Appellant, Mrs. Irene Carl, was employed on one-year-term contracts as a classroom teacher by appellee, South San Antonio Independent School District, from September, 1968, through the 1975–1976 school year ending May 29, 1976. Her contract was not renewed for the 1976–1977 school year. She brought this suit against District asserting that her contract is a "continuing contract" within the provisions of V.T.C.A., Education Code § 13.101 et seq., terminable only under those statutes for causes which do not exist. Alternatively, she pleaded an implied renewal of her contract for 1976–1977 based upon an alleged failure by District to finally terminate her until September, 1976. District's answer was a general denial. After a trial before the court without a jury, a take-nothing judgment was rendered against appellant. We affirm the judgment.

Findings of fact were neither requested nor filed. We presume therefore that all necessary fact-findings were made by the trial court in support of its judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

V.T.C.A., Education Code §§ 13.101 et seq. contain these pertinent provisions:

"§ 13.101. Probationary or Continuing Contract. Each teacher hereafter employed by any school district in this state shall be employed under, and shall receive from such district, a contract that is either a 'probationary contract' or a 'continuing contract' in accordance with the provisions of this subchapter if the school board chooses to offer such teacher a 'probationary contract' or a 'continuing contract.' All such contracts shall be in writing, in such form as may be promulgated by or approved by the commissioner of education, and shall embody the terms and conditions of employment hereinafter set forth, and such other provisions not inconsistent with this subchapter as may be appropriate.

"§ 13.102. Probationary Contract. Any person who is employed as a teacher by any school district for the first time, or who has not been employed by such district for three consecutive school years subsequent to August 28, 1967, shall be employed under a 'probationary contract,' which shall be for a fixed term as therein stated; provided, that no such contract shall be for a term exceeding three school years beginning on September 1 next ensuing from the making of such contract; and provided further that no such contract shall be made which extends the probationary contract period beyond the end of the third consecutive school year of such teacher's employment by the school district, unless the board of trustees determines and recites that it is in doubt whether the particular teacher should be given a continuing contract, in

which event a probationary contract may be made with such teacher for a term ending with the fourth consecutive school year of such teacher's employment with the school district, at which time the employment of such teacher by such school district shall be terminated, or such teacher shall be employed under a continuing contract as hereinafter provided.

"§ 13.103. Probationary Contract: Termination. The board of trustees of any school district may terminate the employment of any teacher holding a probationary contract at the end of the contract period, if in their judgment the best interests of the school district will be served thereby; provided, that notice of intention to terminate the employment shall be given by the board of trustees to the teacher on or before April 1, preceding the end of the employment term fixed in the contract. In event of failure to give such notice of intention to terminate within the time above specified, the board of trustees shall thereby elect to employ such probationary teacher in the same capacity, and under probationary contract status for the succeeding school year if the teacher has been employed by such district for less than three successive school years, or in a continuing contract position if such teacher has been employed during three consecutive school years.

"§ 13.106. Continuing contract. Any teacher employed by a school district who is performing his third, or where permitted fourth, consecutive year of service with the district under probationary contract, and who is elected to employment by the board of trustees of such district for the succeeding year, shall be notified in writing of his election to continuing contract status with such district, and such teacher shall within 30 days after such notification file with the board of trustees of the employing school district notification in writing of his acceptance of the continuing contract, beginning with the school year following the conclusion of his period of probationary contract employment. Failure of the teach-

er to accept the contract within such 30 day period shall be considered a refusal on the part of the teacher to accept the contract.

"§ 13.107. Status Under Continuing Contract. Each teacher with whom a continuing contract has been made as herein provided shall be entitled to continue in his position or a position with the school district, at a salary authorized by the board of trustees of said district complying with the minimum salary provisions of the foundation aid law, for future school years without the necessity for annual nomination or reappointment, until such time as the person:

(1) resigns, or retires under the teacher retirement system;

(2) is released from employment by the school district at the end of a school year because of necessary reduction of personnel as herein defined;

(3) is discharged for lawful cause, as defined in Section 13.109 of this code and in accordance with the procedures hereinafter provided;

(4) is dismissed at the end of a school year for any reason as set out in Section 13.110 of this code and pursuant to the procedures hereinafter provided in such cases; or

(5) is returned to probationary status, as authorized in Section 13.110 of this code."

Appellant reasons that under these statutes she was on a probationary status with District for a term of either three or four years, and that her contract has since been a continuing contract, renewed each year, and subject to termination only for the reasons provided in the statutes.

■ As set forth in § 13.101, a teacher is entitled to and receives the benefits of these statutes only "if the school board chooses to offer such teacher a 'probationary contract' or a 'continuing contract.'" In other words, a school district may choose at its discretion whether to contract with its teachers under the provisions of these statutes, or whether to contract with them for

a fixed term under the provisions of § 23.28 (independent school districts) or § 22.09 (common school districts) of the Education Code. These latter statutes expressly provide for their application unless the district in question "has adopted the provisions of the continuing contract law as set out in [§§ 13.101 et seq.]." See also, *Hix v. Tuloso-Midway Independent School District*, 489 S.W.2d 706, 709 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.); *Garcia v. Pharr, San Juan, Alamo Independent School District*, 513 S.W.2d 636, 640 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); and *King v. Board of Trustees, Monahans-Wickett-Pyote Independent School District*, 555 S.W.2d 925, 927 (Tex.Civ. App.—El Paso 1977, no writ). In all of these cases, it was recognized that the adoption of the teacher tenure contract provisions set forth in § 13.101 et seq. was discretionary with the school district. We hold it is discretionary.

■ Our record shows without contradiction that appellee District has never adopted these provisions, and that it has contracted with appellant solely under the provisions of § 23.28 by annual-term contracts. Appellant's claim of a continuing contract is accordingly rejected.

■ Appellant argues that to allow a discretionary application of the continuing contract law creates a scheme of classification of teachers without rational legislative purpose which results in some teachers in Texas receiving the benefits of a tenure system and other teachers not receiving those benefits, and accordingly violates the equal protection guarantees of our State and Federal Constitutions. We reject those arguments.

■ The discretionary provision in § 13.-101 simply confers on school districts the power to determine whether or not in their local self government they will offer tenure contracts to their teachers. In doing this it does not create a classification system cognizable under the equal protection provisions of the constitutions. The Equal Protection Clause relates to equality of persons as such, rather than between areas, and territorial uniformity is not a constitutional prerequisite. *McGowan v. Maryland*, 366 U.S. 420, 427, 81 S.Ct. 1101, 1106, 6 L.Ed.2d 393, 400 (1961).

■ In any event, granting appellant's premise of teacher classification in § 13.101, a statutory discrimination will not be held in contravention of equal protection guarantees "if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 399 (1961). The obvious purpose underlying the grant of right to school districts to accept or reject the limited tenure system created in § 13.101 et seq. was the continuance of the Legislature's policy of local control of public education in Texas. This purpose can hardly be classed as unreasonable and irrational. Local control of public education in our State was expressly recognized by the U.S. Supreme Court in *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 53, 93 S.Ct. 1278, 1306, 36 L.Ed.2d 16 (1973) where the Court said, "It cannot be seriously doubted that in Texas education remains largely a local function, and that the preponderating bulk of all decisions affecting the schools is made and executed at the local level, guaranteeing the greatest participation by those most directly concerned."

Appellant assigns other reasons why she says the discretionary clause in § 13.101 is invalid, but they too are without merit and are overruled.

■ District's Rules and Regulations provide that the reelection or not of teachers for the coming school year shall be done in March. The final authority for this decision is vested in District's Board of Trustees. The record shows that in early March of each year the members of District's administrative staff (composed of the superintendent, the assistant superintendent who is also District's personnel officer, and the school principals) evaluate the teachers, determine which shall be recommended for re-election, notify the teachers of their recommendations, and then carry the recom-

mendations to the Board of Trustees for action at the March meeting. After action by the Board of Trustees, contracts are delivered to the teachers who have been re-elected. These contracts must be executed and returned by the teachers by the end of the school year in progress.

Summarized, the evidence shows that because of unsatisfactory performance by appellant in several particulars she was notified on March 11, 1976, that she would not be recommended to the Board of Trustees for re-election for 1976–1977. Nevertheless, she was accorded a hearing by the staff the next day after which it was decided to withhold final recommendation on her contract pending evaluation of her performance for the remainder of the school year. This decision was carried to the Board of Trustees who followed the staff's decision, as reflected in the minutes of the Board meeting on March 15, 1976, that the question of appellant's re-election would be "[held] for further evaluation." In April, appellant employed legal counsel and began negotiating through him with the staff for renewal of her contract. Appellant was told by the staff again in May that she would not be recommended for re-election. However, at the instance of her attorney, negotiations continued into the summer and included demands by appellant for further evaluation of her performance and that her contract be "reinstated." They ended in a hearing on appellant's behalf by the Board of Trustees on August 30, 1976, after which appellant was notified on September 1st that her contract was not renewed. During all of this time a contract was never tendered to appellant by District.

Without detailing all of the proof, we are of the view it supports implied findings that appellant acquiesced in the staff's delayed decision on her contract until the end of the school year; and that she knew at that time that she would not be recommended for re-election by the staff and that her contract probably would not be renewed; and that the delay in final action by District was an accommodation to appellant. In other words, the record does not conclusively establish an implied renewal of appellant's contract or work an estoppel against District.

Appellant's points and contentions are overruled. The judgment is affirmed.