

# The Attorney General of Texas

June 4, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren G. Harding
State Treasurer
P. O. Box 12608, Capitol Station
Austin, Texas 78711

Opinion No. MW-186

Re: Whether article 1581h, V.T.C.S., relating to unclaimed funds held by a county, is constitutional.

Dear Mr. Harding:

You ask whether article 1581h, V.T.C.S., is constitutional. This statute applies to unclaimed funds in the custody or control of a county or precinct officer, including a court. The officer holding the funds is required to give written notice to the owner that the funds will become county property if he does not claim them within the time prescribed by law. Sec. 3. If the funds are not claimed within four years after notice is given, they become the property of the county. Sec. 4.

Article 1581h, V.T.C.S., vests ownership of the funds in the county without any judicial proceedings. It is in the nature of an escheat statute, because it provides for the transfer of unclaimed property to the county. See State of Texas v. State of New Jersey, 379 U.S. 674 (1965). It, however, differs in a constitutionally significant way from the other Texas escheat statutes. Article 3272, V.T.C.S., provides for the escheat of real estate through a judicial proceeding. Branham v. Minear, 199 S.W.2d 841 (Tex. Civ. App. — Eastland 1947, writ ref'd n.r.e.); Robinson v. State, 87 S.W.2d 297 (Tex. Civ. App. — El Paso 1935, writ dism'd). Article 3272a, V.T.C.S., which applies to personal property, is custodial in nature. State v. Liquidating Trustees of Republic Petroleum Co., 510 S.W.2d 311 (Tex. 1974). See Comment, 29 Sw. L.J. 575 (1976). The state never actually takes title to the property, since the owner may claim the property or its value at any time. Sec. 6. Article 3272b, V.T.C.S., provides for the escheat of bank accounts, also subject to future claims of owners. Article 4.08 of the Insurance Code applies to unclaimed funds of life insurance companies. Again, there is provision for reimbursement when a claimant appears. Sec. 8.

Article 1581h, V.T.C.S., vests title to unclaimed property in the county four years following notice to the owner. There is no judicial proceeding to determine whether the facts exist which would support an escheat under article 1581h, V.T.C.S., nor may the owner claim the property after four

years have elapsed. In our opinion, article 1581h, V.T.C.S., deprives the owner of property without due process of law because it vests title in the county without a judicial proceeding.

The Supreme Court of California has stated that a judicial procedure is necessary to perfect the escheat of an estate. State v. Savings Union Bank & Trust Co., 199 P. 26 (Cal. 1921). If a statute provided for an immediate escheat without judicial proceedings it would deprive the owner of property without due process of law. Id. See also Mannheim v. Superior Court of Los Angeles County, 478 P.2d 17 (Cal. 1970) (in bank). The United States Supreme Court has held that the state may take custody of unclaimed bank deposits and later institute judicial proceedings to establish conclusively that the property was actually abandoned. Anderson National Bank v. Luckett, 321 U.S. 233 (1943). The court stated as follows:

> The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. If that is preserved, the demands of due process are fulfilled. . . .
>
> For this reason also it is not an indispensable requirement of due process that every procedure affecting the ownership or disposition of property be exclusively by judicial proceeding. Statutory proceedings affecting property rights, which, by later resort to the courts, secure to adverse parties an opportunity to be heard, suitable to the occasion, do not deny due process.

Id. at 246-247, article 1581h, V.T.C.S., does not provide any judicial proceeding at any point to determine whether funds are actually unclaimed funds within its terms. Nor is there any provision for determining whether a claimant who comes forward within four years is the actual owner of the funds. In our opinion, article 1581h, V.T.C.S., would unconstitutionally deprive owners of property without due process of law, in violation of the 14th amendment of the United States Constitution and article I, section 19 of the Texas Constitution.

## SUMMARY

Article 1581h, V.T.C.S., authorizes the county to take title to unclaimed property without a judicial proceeding. It is therefore unconstitutional as permitting the deprivation of property without due process of law.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Jon Bible
Susan Garrison
Rick Gilpin
Bruce Youngblood