ACCEPTED
12-14-00217-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/30/2014 10:18:21 AM
CATHY LUSK
CLERK

**NO. 12-14-00217-CV**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/30/2014 10:18:21 AM
CATHY S. LUSK
Clerk

IN THE TWELFTH COURT OF APPEALS

AT TYLER, TEXAS

BARBARA GAIL HARRIS,

*Appellant,*

v.

IN RE:  FAMILY TRUST CREATED UNDER THE ESTATE

OF HAYDEN R. MAYFIELD, DECEASED

*Nominal Appellee.*

### APPELLANT'S MOTION FOR REHEARING

**TO THE COURT OF APPEALS:**

Appellant, Barbara Gail Harris, respectfully files this motion for rehearing,

concerning the opinion of the Honorable Court issued December 17, 2014, in order

to correct errors of law that cause the rendition of improper judgment.

### *Issues Presented for Review*

1. A judgment that is never dormant is enforceable.  Regardless of the date
   it is rendered, and by special statute, the involved judgment for child
   support arrearage is never dormant.  It is reversible error to rule that the

judgment is not collectible because of expired lien. And the judgment is collectible pursuant to the Texas Probate Code and its successor statute, the Texas Estates Code.

2. When appellees may never impermissibly collaterally attack the judgment for child support arrearage, this Honorable Court reversibly affirms an order granting summary judgment that said judgment is not enforceable.

3. The district court has continuous jurisdiction and lien to enforce the judgment for child support arrearage until it is fully satisfied. When appellees invoke district court jurisdiction, the county court and this Honorable Court must give judicial deference to the jurisdiction of the county court.

*Argument*

*Appellant's judgment for child support arrearage is never dormant, and it is enforceable.*

Subject to the question of all courts' jurisdiction herein, which appellant does not waive, this Court fails to enforce appellant's 1990 judgment for child support arrearage pursuant to the express terms of Texas Civil Practice and Remedies Code §34.001(c), amended in 2009. It is a non-dormancy special statute for child support judgments that prevails over appellees' cited Section 31(a)(b) effective in 1997, the predecessor to Texas Family Code § 157.318 . Citing Section 31(a)(b) , and ignoring the non-dormancy statute, this Court wrongfully holds that appellant's child support lien expires and her judgment is not enforceable. Section 31(a)(b) reads:

The change in law made by this act applies only to a child support lien notice or suit filed on or after the effective date of this Act. A child

2

support lien notice or suit filed after the effective date of this Act is covered by the law in effect on the date notice of suit is filed, and the former law is continued in effect for that purpose.

Texas Civil Practice and Remedies Code Section 34.001(c) holds that appellant's 1990 judgment for child support arrearage never becomes dormant, regardless of the date on which the judgment is rendered. *Holmes v. Williams*, 355 S. W. 3d 215, 220-221 (Tex. App.—Houston [1st Dist.] 2011, *no pet.*) and *In the Interest of D.W.G., a Child*, 391 S. W. 3d 154, 160-162 (Tex. App.—San Antonio, 2012, *no pet.*). A dormant judgment is one which has not been satisfied nor extinguished by lapse of time, but which has remained so long unexecuted that execution cannot now be issued upon it without first reviving the judgment. § 34.001(b) (West Supp. 2013). *In Re: Buster Fitzgerald, Relator,* 429 S. W. 3d 886, 895 (Tex. App.—Tyler 2014, *orig. proceeding*). Since appellant's 1990 judgment is always effective, *i.e.,* never dormant, it is enforceable. The child support judgment lien attaches to involved property of the judgment debtor. Texas Family Code § 157.317. Thus, there is irreconcilable conflict between the above cited statutes when this Court writes " Because the judgment lien has expired, Harris had no need to discover potential assets to levy on." Section 34.001(c) is a special statute that makes appellant's child support judgment always enforceable, and it prevails over any contention child support judgments are not collectible. *King v. Board of Trustees*, 555 S. W. 2d 925, 928 (Tex. Civ. App.—El Paso 1977,

*writ ref'd n.r.e.*) and *Font v. Carr*, 867 S. W. 2d 873, 881 (Tex. App.—Houston [1st Dist.] 1993, *writ dism'd w.o.j.*).

This Court's opinion conflicts with decisions of other courts of appeal. Harris's child support lien is perfected when she abstracts her child support judgment with the county clerk. Tex. Fam. Code § 157.316(a). *In the Matter of the Marriage of Williams*, 998 S. W. 2d 724, 728-730 (Tex. App.—Amarillo 1999, *no pet.*), the court construes a 1996 notice of child support lien filed to enforce a 1993 judgment for child support. On August 10, 1999, it writes at page 730:

> …the lien is perfected when…filed with the county clerk…Family Code Section 157.318(a) establishes the *duration of the lien to be until all*… child support arrearages, including interest have been paid…. We conclude that the Notice of Child Support Lien was properly filed and was valid.

In both lower courts, Harris cites *Holmes v. Williams*, 355 S. W. 3d 215, 220-221 (Tex. App.—Houston [1st Dist.] 2011, *no pet.*). That court specifically cites Texas Family Code Section 157.318(a) that holds a child support lien is effective until all child support arrearages, including interest, have been paid, and says Texas courts have continuing jurisdiction to hear foreclosure of lien actions, or suits to determine lien arrearages. This ruling is confirmed by *In the Interest of K.R.M.*, No. 11-11-00313-CV, 2012 WL 1143800, at page 3, (Tex. App.—Eastland, April 5, 2012, *no pet.*). Harris's child support lien is effective.

Although Harris presents a non-dormant child support judgment with effective lien, her judgment also is collectible pursuant to Texas Probate Code § 322(4) and Texas Estate Code §§ 101.001(a) and 101.051(a)(2)(b)(2). These provisions do not require a non-dormant judgment or a judgment lien to be enforced. They mandate that the judgment debtor's will inheritance and trust assets are subject to payment of Harris's child support judgment.

*Since appellees make an impermissible collateral attack on Harris's judgment for child support arrearage, they are not entitled to summary judgment.*

The Court correctly defines an impermissible collateral attack on a judgment *In Re: Buster Fitzgerald, Relator,* 429 S. W. 3d 886, 987-988 (Tex. App.—Tyler 2014, *orig. proceeding*) where it writes:

"A collateral attack on a judgment is an attempt to avoid its binding force in order to obtain specific relief that the judgment currently impedes. *Browning v. Prostok*, **165 S.W.3d 336**, 346 (Tex. 2005); *Crawford*, 88 Tex. at 630. Examples of a collateral attack include when a party seeking to dissolve a writ of garnishment assails the underlying judgment. *See Stewart v. USA Custom Paint & Body Shop, Inc.*, **870 S.W.2d 18**, 19-20 (Tex. 1994).

"A voidable judgment is subject to direct attack only; it cannot be collaterally attacked. *See Rivera*, 379 S.W.2d at 271 (" A litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly." ); *see also Burlington State Bank*, 207 S.W. at 956 (holding that dormant judgment is voidable and therefore not subject to collateral attack). It is well established that a voidable judgment is conclusive against whose rights it may affect until it is either reversed by appeal or vacated on direct attack. *See, e.g., Slay v. Fugitt*, **302 S.W.2d 698**, 702 (Tex.Civ.App.--Dallas 1957, writ ref'd n.r.e.); *Caplen v. Compton*, 5 Tex.Civ.App. 410, **27 S.W. 24**, 25 (Galveston 1893, writ ref'd)."

Harris' judgment for child support arrearage is not void.  The 307th Family District Court for Gregg County, that rendered the judgment, had jurisdiction of the parties or property, jurisdiction of the subject matter, jurisdiction to enter the particular judgment, and capacity to act.  *P.N.S. Stores, Inc. v. Rivera*, 379 S. W. 3d 267, 272 (Tex. 2012).   Therefore, appellees may not bring another suit, a collateral attack in the county court, to relieve them from collection of Harris's district court judgment.  *In the Matter of the Marriage of* Williams, 998 S. W. 2d 724, 727-728 (Tex. App.—Amarillo 1999,  *no pet.*) and *In re M.E.M.*, 09-11-00657-CV (Tex. App.—Beaumont February 28, 2013, *no pet.*).  Since they cannot sue in the county court to collaterally attack Harris's district court judgment, appellees are not entitled to summary judgment in the county court that, as a matter of law, said judgment is not collectible.  The fact Harris did not raise collateral attack, in her response to summary judgment, is immaterial to the law that appellees are not entitled to bring suit and obtain summary judgment in their collateral attack proceeding.  *City of Houston v. Clear Creek Basin Auth.,* 589 S. W. 2d 671, 678 (Tex. 1979).

*Appellant does not waive county court and this Court's lack of jurisdiction*.

Appellees say Harris waives her challenge to the county court, and thereby this Court's, jurisdiction when she entitles her jurisdictional challenge as a plea to the jurisdiction instead of a plea in abatement.  In her reply brief, Harris cites *BCY*

*Water Control Corporation v. Residential Investments, Inc.*, 170 S. W. 3d 596,

604-605 (Tex. App.—Tyler 2005, *pet. denied*) that correctly refutes any contention

that Harris waives her jurisdictional challenge by pleading misnomer:

> Misnomer of a pleading does not render it ineffective, and the court will treat the pleading as if it had been properly named. *See* Tex.R. Civ. P. 71. We look to the substance of the plea to determine its nature, not merely at the form of title given to it. *See State Bar v. Heard,* **603 S.W.2d 829**, 833 (Tex.1980).

Harris's plea to the jurisdiction and response to motion for summary

judgment both tell the assigned trial judge that, by judicial imperative, the county

court must give judicial deference to the district court.  This Court errs when it

does not follow its own and other courts precedent that pleading misnomer waives

Harris's challenge to the involved courts' jurisdiction.  See also *Austin*

*Neighborhoods Council, Inc. v. Board of Adjustment City of Austin*, 644 S. W. 2d

560, 565-566 (Tex. App.—Austin 1982, *writ ref'd n.r.e.*) that properly construes a

titled plea to the jurisdiction as a plea in abatement.

*Appellees individually, and by virtual representation, invoke the district court's*
<u>*proper jurisdiction*</u>.

The will executor, and trustee of the family trust, has no conflict of interest

with his brother, William Frank Mayfield, the judgment debtor and beneficiary of

testamentary trusts.   They both may sue and be sued, and the courts hold that the

executor and trustee virtually represents the judgment debtor.  No argument for

7

such result is required. *Mason v. Mason,* 366 S. W. 2d 552, 554-555 (Tex. 1963); *Estate of Harry D. Webb, Jr., Deceased,* 266 S. W. 3d 544, 551-552 (Tex. App.— Fort Worth 2008, *pet. denied*) and *In re Estate of Head*, 165 S. W. 3d 897, 901-902 (Tex. App.—Texarkana 2005, *no pet.*).

The district court has jurisdiction to decide all the trust issues that the executor raises there and over all proceedings concerning the involved trusts. Texas Property Code § 115.001(a). Despite a spendthrift clause in a trust, the district court may order the executor and trustee to pay trust principal and income to satisfy the child support judgment. Tex. Fam. Code § 154.005(a) and *First City National Bank of Beaumont v. Phelan*, 718 S. W. 2d 402-406 (Tex. App.— Beaumont 1986, *writ ref'd n.r.e.*). It retains jurisdiction over the parties and controversy until its judgment for child support arrearage is fully satisfied. Texas Family Code § 157.269 and *Terry v. Terry,* No. 12-03-00169-CV (Tex. App.— Tyler December 31, 2003, *no pet.*).

A party enters a general appearance when (1) invoking the judgment of the court on any question other than the court's jurisdiction (2) recognizing by its acts that an action is pending, or (3) seeks affirmative action from the court. *Exito Elec. Co. v. Trejo*, 142 S. W. 3d 302, 304 (Tex. 2004 *per curiam*). A general appearance is entered whenever the defendant invokes the jurisdiction of the court, in any way, on any question other than the court's jurisdiction, without being

compelled to do so by previous orders of the court sustaining the jurisdiction. *St. Louis & San Francisco R.R. Co. v. Hale*, 109 Tex. 251, 206 S. W. 75 (1918).

The executor never challenges the jurisdiction of the district court. Instead he first files objections and motions to quash the notice for his oral deposition and for protection, thus seeking affirmative action and judgment from and by the district court on issues other than that court's jurisdiction. The executor asks the district court to limit discovery to distributions limited to the debtor, and until trusts are funded, and to require Harris to pay for copies of provided documents. He raises trust provisions for district court rulings. The district court orders the executor's deposition taken, and this is done pursuant to another notice of oral deposition filed in the district court. Clearly, the executor and debtor, by virtual representation, generally appear in the district court. They submit to its jurisdiction. Lastly, when the executor files his motion to quash the notice for his oral deposition, the courts specifically hold that he makes a general appearance in the district court and submits to its jurisdiction. *Howe Grain & Mercantile Company v. Taylor*, 147 S. W. 656-657 (Tex. Civ. App.—San Antonio 1912, *no writ*).

*Appellant's reserved issues for rehearing*.

Appellant respectfully state the foregoing mandates rehearing and dismissal of this appeal for lack of the county court and this courts' jurisdiction. However, Harris reserves her right to discovery for enforcement of her collectible judgment for child support arrearage and for award of attorney fees that are presented in Issues 4 and 5 of the Brief for Appellant.

PRAYER FOR RELIEF

Harris respectfully prays for this Honorable Court to grant her motion for rehearing, that the order granting declaring summary judgment appealed from ruled void, and this appeal dismissed for lack of jurisdiction of the County Court at Law 2 for Gregg County, Texas. Alternatively, she prays that said order be reversed, and this cause be remanded, for Harris to collect her judgment for child support arrearage, all interest thereon, with reasonable and necessary attorney fees set out herein at the trial and appellate court levels, said attorney fees assessed against the debtor, the executor and Raymond James, and for all costs of court.

Respectfully submitted,


/s/ Frank L. Supercinski
FRANK. L. SUPERCINSKI
SBN: 19516000
P.O. Box 189
Longview, Texas 75606
Telephone: (903) 236-0151
Facsimile:  (903) 236-0118
Email: supercinski@sbcglobal.net
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I certify that, on the day that the foregoing Appellant's Motion for Rehearing

is electronically filed with the Twelfth Court of Appeals for Texas, and through the

electronic filing system, a copy of it is served on counsel of record for appellees:

Bradley R. Echols
SBN: 06390450
BOON, SHAVER, ECHOLS, COLEMAN & GOOLSBY, PLLC
1800 W. Loop 281, Suite 303
Longview, Texas 75604
Telephone: (903) 759-2200
Facsimile:  (9030 759-3306
Email:  bradley.echols@boonlaw.com


/s/ Frank L. Supercinski
FRANK L. SUPERCINSKI

## CERTIFICATE OF WORD COUNT

I certify that the 2482 word count of Appellant's Motion for Rehearing complies with the applicable Texas Rules of Appellate Procedure.


*/s/ Frank L. Supercinski*
FRANK L. SUPERCINSKI